Caruthers, J.,
delivered the opinion of the Court.
This was an action of debt, brought upon the following obligation and endorsement:
“ $2000. On or before the 25th day of December next, I promise to pay Theodore Baxter the sum of two thousand dollars for the hire of the following negro men,” (naming them, twenty-two in number;) “ and I bind myself to give them the iron-works’ clothing. Witness my hand and seal, this 16th June, 1854.
“ I assign the within notes over to Henry Stewart:
Sept. 19th, 1854.
“ Theo. Baxter.”
The question arises upon the judgment of the Court overruling the demurrer of defendant Theodore, upon the ground that he was not liable as endorser of said paper. If the instrument was negotiable, the judgment was right; and if not, it was erroneous. It is insisted that the clause in relation to the clothing deprives it' of its negotiable character. But for this, there could be no question in the case, as it has every requisite to constitute a promissory note.
Our act of 1786, ch. 4, Car. & W., 498, extended the negotiable qualities of bills of exchange to all “ bills, bonds, or notes for money;” as well those with as those without seal. The act of 1762, ch. 9, Car. & H., 550, had before made promissory notes negotiable, as inland bills of exchange.
*215 In Story on Prom. Notes, sec. 17, it is laid down that a promise to pay money, “ and do any other act,” deprives the paper of its negotiable character. But suppose that “other act” was only to do what the law would imply from the contract, as to return the horse or negro hired at the end of the year, or to pay interest in case of failure to pay at the time, or to supply the slave with food and medical aid, or with suitable clothing; would that change the nature of the note in this respect, because it would be to do “some other act” besides the payment of the sum certain agreed upon, in money ? Certainly not. These provisions in the note would be surplusage, and not pass to the endorser; but the endorsement would merely carry the obligation for the money. Any failure on the part of the hirer to perform his duty or implied contract to feed and clothe, etc., or even an express stipulation to that effect, would be a matter between him and the owner, and not go to the endorser of the note. It is the policy of our country to favor the negotiability of paper, as it tends to facilitate trade and commerce.
We think, therefore, that Theodore Baxter was liable in this case, as endorser, and there is no error in the judgment; and it is affirmed.